IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES KARIM MUHAMMAD,<br><br>    Plaintiff,<br><br>    v.<br><br>KEVIN J. BERRETH,<br><br>    Defendant. | No. C 12-02407 CRB<br><br>**ORDER GRANTING MOTIONS TO DISMISS** |

Proceeding *pro se*, Plaintiff James Karim Muhammad brought suit claiming that Defendants defrauded him in the Superior Court of Contra Costa County. Defendants allegedly submitted pleadings they knew to be false to convince the judge to vacate a default judgment previously entered in Plaintiff's favor. Because the Complaint does not present a federal question, however, the Court GRANTS all three Defendants' motions to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Plaintiff is free to amend his Complaint within thirty days of this Order. Plaintiff's motion for appointment of counsel is DENIED because this is a civil action and Plaintiff has failed to show exceptional circumstances.

**I.    BACKGROUND**

On April 9, 2008, Plaintiff filed a complaint in the Superior Court of Contra Costa County against Eden Housing Management, Inc. ("Eden Housing") and two other defendants

(none of whom are defendants in this case) alleging battery, slander, deprivation of quiet enjoyment of property right and elder abuse. He sought declaratory judgment and damages. See Ex. 1 (all cited exhibits are attached to the Complaint, dkt. 1). Eden Housing failed to timely answer the complaint, however, Compl. ¶ 8, and on July 22, 2008 a default judgment of $1,000,000.00 plus $55.00 in costs was entered in Plaintiff's favor, see Ex. 4 at 43.

On September 11, 2008, Eden Housing, represented by Kevin J. Berreth, filed an application for relief from default judgment.[1] See Ex. 5. Berreth also filed a declaration in support of Eden Housing's motion to set aside the judgment, in which he asserted that the company's failure to timely respond to Plaintiff's complaint was excusable. See Ex. 6 at 54. Terese McNamee, the Chief Financial Officer of Eden Housing, also filed a declaration in support of the defendant's application for relief from default judgment, narrating the same circumstances set forth in Berreth's declaration. See Ex. 7 at 60. Both Berreth and McNamee are named defendants in the present action. Eden Housing Management, Inc., a defendant in the state court action, but not here, filed an answer to the state court complaint on Nov. 8, 2008, which was signed by Berreth and verified by McNamee. Ex. 8 at 68. The state court subsequently vacated the default judgment. Compl. at 6.

Plaintiff filed a Complaint in this Court on May 11, 2012. The Complaint alleges that Berreth was "a judicial officer of the state of California, admitted to the bar of the State of California" and was acting "as attorney for . . . Eden Housing Management, Inc." in the state court case. Id. ¶ 2. Plaintiff further alleges that Defendant R. Mac Prout was a judicial officer of the State of California" and was acting as "co-counsel" for Eden Housing Management, Inc. in the state court case. Id. ¶ 3. McNamee is identified as the Chief Financial Officer of Eden Housing Management Inc. Id. ¶ 4.

Plaintiff contends that, in the process of having the default judgment vacated, the Defendants conspired to defraud him and misled the state court, thereby unlawfully depriving Plaintiff of his monetary award. See id. ¶ 5 (alleging "an ongoing conspiracy to commit

---

[1] Defendant Eden Housing asserts that it failed to timely respond because it believed it was already being represented in the matter by Jackson Lewis LLP, when in fact, that firm was representing Eden Housing in a different matter. Ex. 5 at 48.

2

1 fraud against the plaintiff by perjured pleadings and unlawful acts designed and intended to
2 mislead the court and to deprive plaintiff his right to recover his damages of $1,0000055 [sic]
3 in a state of California lawsuit . . .").

4       The Complaint begins with a section entitled "Jurisdiction," which states that
5 "Jurisdiction of the United States District Court over the above named defendants in the
6 above numbered case is 28 U.S.C. 1331, 28 U.S.C. 1343(3), 28 U.S.C. 2201, 42 U.S.C. 1983,
7 and 42 U.S.C. 1985." Id. at 2. The Complaint only articulates the grounds for asserting
8 jurisdiction under 28 U.S.C. § 2201, and does not address the other sections. Id. ¶ 29 at 16.

9       The Complaint includes six causes of action, which all recite the same basic facts and
10 allegations. Causes of Action One through Four are entitled: "Against Kevin J. Berreth, R.
11 Mac Prout, and Terese McNamee for Conspiracy to Fraudulently Mislead the Judge of the
12 Superior Court of Contra Costa County to Vacate a Lawful Default Judgment." See
13 generally id. The titles of Causes of Action Five and Six are essentially the same, but with
14 two extra words at the beginning: Cause of Action Five is called "Punitive Damages Against
15 Kevin J. Berreth, R. Mac Prout, and Terese McNamee for Conspiracy to Fraudulently
16 Mislead the Judge of the Superior Court of Contra Costa County to Vacate a Lawful Default
17 Judgment," and Cause of Action Six is "Declaratory Judgment Against Kevin J. Berreth, R.
18 Mac Prout, and Terese McNamee for Conspiracy to Fraudulently Mislead the Judge of the
19 Superior Court of Contra Costa County to Vacate a Lawful Default Judgment." Id.

20       The First Cause of Action alleges that Defendants made fraudulent pleadings,
21 apparently by filing "fatally defective" applications in support of vacating the default
22 judgment and by facilitating the filing of Eden Housing's Answer.[2] The Second and Third
23 Causes of Action again allege that Defendants made false pleadings by offering defenses
24 they knew to be false that in turn caused the court to vacate the default judgment. Id. ¶¶ 14-
25 15, 18. Causes of Action Four and Five pray for declaratory judgment determining that

---

[2] While Berreth filed the pleadings, Prout allegedly "subordinate[d] the fraud by his acts of defending the said fraudulent act of defendant, Kevin J. Berreth, State bar number 236759, by his failure to object, and by personally sharing the benefits of the fraud . . . ." Id. ¶ 9. McNamee also allegedly "subordinate[d] the fatally defective application to set aside the default judgment by her failure to object thereto, and by her willingness to enjoy the benefits there from." Id. ¶ 10.

(Left margin: **United States District Court** / For the Northern District of California)

3

Defendants made false pleadings and conspired to mislead the judge. Id. ¶¶ 22, 26.  The Fourth Cause of Action alleges that Defendants threatened sanctions against Plaintiff because of his repeated demands that they answer special interrogatories addressed to McNamee. Id. ¶ 21.

In the Fifth and Sixth Causes of Action, Plaintiff alleges that Berreth and Prout "knew they were judicial officers having duties never to mislead the judge [Business and Profession Code , 6068(d)] . . ." and, while knowing the defenses they submitted to be false, failed to present evidence to "contradict any material issue raised by plaintiff in his complaint." Id. ¶¶ 24, 28.  Plaintiff seeks punitive damages of $3,000,000.00 from each defendant and asks that Berreth and Prout be disbarred. Id. at 15, 31, 33.  Finally, in Cause of Action Six, Plaintiff asks the Court to declare the rights of the parties and create a remedy based on 29 U.S.C. § 2201. Id. ¶ 29.

## II.     LEGAL STANDARD

### A.     Rule 12(b)(1) Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) authorizes a party to seek dismissal of an action for lack of subject matter jurisdiction.  Though the defendant makes the motion, the plaintiff bears the burden of establishing subject matter jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Stock W., Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989).  The court may look beyond the complaint to evaluate subject matter jurisdiction. See White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000) (citing Gemtel Corp. v. Cmty. Redevelopment Agency, 23 F.3d 1542, 1544 (9th Cir. 1994)).

A Rule 12(b)(1) jurisdictional attack may be facial or factual. See Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Id.  In resolving a facial attack, a motion will be granted if the complaint, when considered in its entirety, on its face, fails to allege facts sufficient to

4

establish subject matter jurisdiction. See, e.g., Savage v. Glendale Union High School, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

Courts use the "well-pleaded complaint rule" to determine whether a case raises a federal question. The rule provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

## III. DISCUSSION

The issue in this case is whether the Complaint truly presents a federal question on its face. MTD, McNamee, (dkt. 16-1) at 7-8; MTD, Berreth, (dkt. 23-1) at 10, 18; MTD, Prout, (dkt. 25-1) at 10, 18. All three Defendants make similar arguments for dismissal. In general, Defendants argue that Plaintiff failed to establish federal subject matter jurisdiction. MTD, McNamee, at 7-8; MTD, Berreth, at 10; MTD, Prout, at 10. Specifically, Defendants point out that the Declaratory Judgment Act at 28 U.S.C. § 2201(a) does not itself confer federal jurisdiction over Plaintiff's claims. MTD, McNamee, at 6; MTD, Berreth, at 9; MTD, Prout, at 9. Defendants' arguments are meritorious.

### A. Lack of Subject Matter Jurisdiction

Defendants argue that the Complaint should be dismissed because it fails to articulate a "cause of action created by federal law, supply any basis for extending federal jurisdiction to impose monetary penalties against defendants, or describe a right to relief that necessarily depends on resolution of any question of federal law." MTD, McNamee, at 8. Plaintiff asserts jurisdiction under five cited code sections (28 U.S.C. § 1331, 28 U.S.C. § 1343(3), 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 28 U.S.C. § 2201) but the Complaint, taken in its entirety, does not actually state a claim under any of them.

#### 1. Plaintiff Fails to Establish Subject Matter Jurisdiction Under 28 U.S.C. § 1331, 28. U.S.C. § 1343(3), 42 U.S.C. § 1983, or 42 U.S.C. § 1985

"District courts possess federal-question jurisdiction under § 1331" over a claim that "arises under" federal law, meaning that "federal law creates a private right of action and furnishes the substantive rules of decision." Mims v. Arrow Fin. Servs., LLC, 132 S. Ct.

5

740, 748-49 (2012). "In order to invoke federal jurisdiction under Section 1331, a plaintiff's claim must be based on some federal law independent of that statute." U.S. on Behalf of F.T.C. v. Larkin, Hoffman, Daly & Lindgren, Ltd., 841 F. Supp. 899, 903 (D. Minn. 1993) (citing Merrell Dow Pharmaceuticals v. Thompson, 478 U.S. 804 (1986)). Plaintiff fails to properly identify a federal statute independent of § 1331 under which he can state a claim.

28 U.S.C. § 1343(3) establishes jurisdiction for civil rights violations and along with 42 U.S.C. § 1983, authorizes "federal courts to entertain suits to redress the deprivation, under color of state law, of constitutional rights." Hagans v. Lavine, 415 U.S. 528, 538 (1974). However, § 1983 does not grant jurisdiction, it only provides a remedy where jurisdiction already exists pursuant to 28 U.S.C. § 1343. Gonzaga Univ. v. Doe, 536 U.S. 273, 285 (2002) ("§ 1983 merely provides a mechanism for enforcing individual rights 'secured' elsewhere, *i.e.,* rights independently 'secured by the Constitution and laws' of the United States. [O]ne cannot go into court and claim a 'violation of § 1983' — for § 1983 by itself does not protect anyone against anything." (internal quotations and citations omitted)). The same holds true for 28 U.S.C. § 1985. Giles v. Equal Employment Opportunity Comm'n, 520 F. Supp. 1198, 1199 (E.D. Mo. 1981) (noting that 42 U.S.C. § 1983 and § 1985 "do not grant jurisdiction; they merely provide a remedy in cases in which jurisdiction is present pursuant to 28 U.S.C. § 1343").

Two allegations are necessary to state a claim under section 1983. "First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." Gomez v. Toledo, 446 U.S. 635, 640 (1980). Plaintiff's Complaint does not plausibly describe a federal right of which he has been deprived.[3] Nor does his recitation that attorneys

---

[3] The Complaint does allege some facts that cannot be considered merely conclusory accusations, but Plaintiff does not make any clear connection between his allegations and a federally recognized right. See Compl. ¶¶ 9, 10, 14, 19, 21. At best, these facts and allegations only vaguely describe a federal right or plead a cause of action arising under federal law. See e.g., Compl. ¶¶ 9, 14, 18-19, 21 (alleging Bereth "filed a fatally defective Motion to Set Aside the Default Judgment;" McNamee filed an answer "knowing her answer to be false;" all three Defendants filed pleadings in the state court action that "falsely implied that the defendant, Eden Housing Management, Inc had a good defense and an honest excuse for its failure to file a timely answer;" and all three "threatened to bring action for

are "judicial officers," see id. ¶¶ 2, 3, 24, correctly identify a person acting under color of state law. Lawyers in private practice are not state actors for the purposes of a section 1983 claim. See Polk Cnty. v. Dodson, 454 U.S. 312, 318 (1981) ("[T]he Courts of Appeals are agreed that a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."); Shalaby v. Jacobowitz, No. 03-0227, 2003 WL 1907664 (N.D. Cal. Apr. 11, 2003) aff'd, 138 F. App'x 10 (9th Cir. 2005) (dismissing plaintiff's section 1983 claim for failing to show that a lawyer in private practice could be a state actor).

Plaintiff argues in opposing the motions that he could have specifically stated that as judicial officers of the State of California, Berreth and Prout violated "plaintiff's 14th Amendment right to have his case heard while plaintiff had good eye-sight . . . in complete denial of plaintiff's Due Process and Equal Protection of laws." Opp'n at 4. He further asserts that while the Complaint "may not have specifically stated . . . in so many words . . . plaintiff did legally state the required issues while complying with Rule 8(a)(1) of FRCP; showing that plaintiff was denied Due Process of the Laws, which is protected by the 14th Amendment . . . ." Id. at 9. However, even if Plaintiff could show that he had been deprived of a federal right sufficient to meet the requirements of 28 U.S.C. § 1343(3) or 42 U.S.C. § 1983, he fails to show that this was state action because, as explained above, attorneys, even characterized as judicial officers, do not act under the color of state law. Accordingly, Plaintiff's claims under sections 1331, 1343(3), 1983, and 1985 all fail.

### 2. The Declaratory Judgment Act of 28 U.S.C. § 2201 Does Not Itself Confer Federal Subject Matter Jurisdiction

Declaratory relief is not an independent cause of action or theory of recovery, only a remedy. See Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202. The statute "does not itself confer federal subject-matter jurisdiction." Fid. & Cas. Co. v. Reserve Ins. Co., 596

---

sanctions against plaintiff" if he continued to demand answers to his interrogatories.) Notably, in his Opposition, Plaintiff alleges for the first time that the state court action was a violation of his due process rights. See Opp'n. (dkt. 31) at 6.

F.2d 914, 916 (9th Cir. 1979). To grant declaratory relief, a district court must find "actual controversy," which is "definite and concrete . . . real and substantial." Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 240-41 (1937). Even if an independent cause of action for declaratory relief could be brought in state court, it cannot be brought in federal court. Via Techs., Inc. v. SONICBlue Claims LLC, No. 09-cv-2109, 2010 U.S. Dist. LEXIS 59709, *8-*9 (N.D. Cal. June 16, 2010). The Declaratory Judgment Act "simply provides a remedy for disputes already within the realm of federal jurisdiction." Cok v. Forte, 877 F. Supp. 797, 802 (D.R.I. 1995) aff'd, 69 F.3d 531 (1st Cir. 1995). Plaintiff has not established federal jurisdiction over his claims under any other section, and so has no valid cause of action under the Declaratory Judgment Act.

### B. The Court Will Not Appoint Counsel for Plaintiff

Plaintiff requests that the Court appoint counsel to represent him in this action because he is 79 years old and cannot "see well enough to do the necessary research and to prepare his legal claims." Mot. for Appointment of Counsel (dkt. 35) ¶ 1. But, "it is well-established that there is generally no constitutional right to counsel in civil cases." United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996); Hedges v. Resolution Trust Corp., 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") And while the Court does have discretion to appoint counsel to *in forma pauperis* plaintiffs like Plaintiff, see 28 U.S.C.A. § 1915 ("[t]he court may request an attorney to represent any person unable to afford counsel"), such a situation requires "exceptional circumstances," Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision." Id.

There appear to be no exceptional circumstances in this case. Additionally, the likelihood of success on the merits is low because Plaintiff has failed to establish subject matter jurisdiction. The Fourteenth Amendment claims Plaintiff attempts to articulate in his

8

oppositions to the motions to dismiss are complex, but without subject matter jurisdiction, appointing Plaintiff counsel in this Court is unlikely to result in the resolution of his claims.

### C.  Leave to Amend

A complaint should not be dismissed without leave to amend unless it is clear that the claims could not be saved by amendment. Swartz v. KPMG LLP, 476 F.3d 756, 760 (9th Cir. 2007). Plaintiff specifically requests leave to amend. See Opp'n. to McNamee's MTD at 10. Defendants oppose amendment, alleging that this action qualifies as a malicious case under 28 U.S.C. § 1915 (e)(2) and should be dismissed because it is "irresponsible litigation" brought "for the purpose of harassing." See Reply (dkt. 21) at 6. It seems more likely, however, that Plaintiff is trying to seek redress for genuinely perceived wrongs, but misunderstands the jurisdictional requirements of federal court.

Ultimately, Plaintiff is trying to recover damages for battery. Had he renewed his original claims for battery, etc. in state court after the default judgment was vacated, Defendants could hardly accuse Plaintiff of irresponsible litigation. He is a *pro se* litigant, and although he might have a stronger claim in state court, the Court does not find at this time that pursuing this case is a method of harassment.

In addition, Plaintiff's recent pleadings in this action do suggest that he intended to articulate a federal cause of action. In his Opposition, Plaintiff asserts that "defendants denied 'Due Process' and 'Equal Protection of Laws' as is guaranteed by the 14th Amendment to the Constitution of thr [sic] United States." Opp'n. at 2. Furthermore, in his Amended Opposition, Plaintiff states that he "could add the Superior Court as a defendant if it is necessary . . . to obtain Due Process and Equal Protection of Laws." Amended Opp'n. to Berreth and Prout's MTD (dkt. 39) at 5. For these reasons, Plaintiff's request to amend his Complaint is GRANTED.

### C.  Plaintiff Must Comply with All Federal and Local Rules

Defendants point out that Plaintiff did not properly serve counsel for Defendants Prout and Berreth with his Opposition. Reply at 2. If Plaintiff chooses to amend his Complaint, he is directed to follow all applicable local and federal rules including Northern District Local

Rules 7-3(a) and 3-4(a)(1).

## IV. CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss the case for lack of subject matter jurisdiction are GRANTED. Plaintiff's motion for appointment of counsel is DENIED. Plaintiff's request to amend his Complaint is GRANTED. Plaintiff must amend **within thirty (30) days** of this Order; failure to do so could result in his case being dismissed in its entirety with prejudice.

**IT IS SO ORDERED.**

Dated: October 10, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE