1
2
3
4
5
6
7
8                   IN THE UNITED STATES DISTRICT COURT
9              FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11   JAMES KARIM MUHAMMAD,                 No. C 12-02407 CRB
12          Plaintiff,                      **ORDER GRANTING MOTIONS TO
                                            DISMISS**
13       v.
14   KEVIN J. BERRETH,
15          Defendant.
     _____/
16
17          Proceeding *pro se*, Plaintiff James Karim Muhammad brought suit claiming that

18   Defendants defrauded him in the Superior Court of Contra Costa County.  Defendants

19   allegedly submitted pleadings they knew to be false to convince the judge to vacate a default

20   judgment previously entered in Plaintiff's favor.  Because the Complaint does not present a

21   federal question, however, the Court GRANTS all three Defendants' motions to dismiss for

22   lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  Plaintiff

23   is free to amend his Complaint within thirty days of this Order.  Plaintiff's motion for

24   appointment of counsel is DENIED because this is a civil action and Plaintiff has failed to

25   show exceptional circumstances.

26   **I.      BACKGROUND**

27          On April 9, 2008, Plaintiff filed a complaint in the Superior Court of Contra Costa

28   County against Eden Housing Management, Inc. ("Eden Housing") and two other defendants

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

(none of whom are defendants in this case) alleging battery, slander, deprivation of quiet enjoyment of property right and elder abuse.  He sought declaratory judgment and damages.  See Ex. 1 (all cited exhibits are attached to the Complaint, dkt. 1).  Eden Housing failed to timely answer the complaint, however, Compl. ¶ 8, and on July 22, 2008 a default judgment of $1,000,000.00 plus $55.00 in costs was entered in Plaintiff's favor, see Ex. 4 at 43.

On September 11, 2008, Eden Housing, represented by Kevin J. Berreth, filed an application for relief from default judgment.[1]  See Ex. 5.  Berreth also filed a declaration in support of Eden Housing's motion to set aside the judgment, in which he asserted that the company's failure to timely respond to Plaintiff's complaint was excusable.  See Ex. 6 at 54.  Terese McNamee, the Chief Financial Officer of Eden Housing, also filed a declaration in support of the defendant's application for relief from default judgment, narrating the same circumstances set forth in Berreth's declaration.  See Ex. 7 at 60.   Both Berreth and McNamee are named defendants in the present action.  Eden Housing Management, Inc., a defendant in the state court action, but not here, filed an answer to the state court complaint on Nov. 8, 2008, which was signed by Berreth and verified by McNamee.  Ex. 8 at 68.  The state court subsequently vacated the default judgment.  Compl. at 6.

Plaintiff filed a Complaint in this Court on May 11, 2012.  The Complaint alleges that Berreth was "a judicial officer of the state of California, admitted to the bar of the State of California" and was acting "as attorney for . . . Eden Housing Management, Inc." in the state court case.  Id. ¶ 2.  Plaintiff further alleges that Defendant R. Mac Prout was a judicial officer of the State of California" and was acting as "co-counsel" for Eden Housing Management, Inc. in the state court case.  Id. ¶ 3.  McNamee is identified as the Chief Financial Officer of Eden Housing Management Inc.  Id. ¶ 4.

 Plaintiff contends that, in the process of having the default judgment vacated, the Defendants conspired to defraud him and misled the state court, thereby unlawfully depriving Plaintiff of his monetary award.  See id. ¶ 5 (alleging "an ongoing conspiracy to commit

---

[1]Defendant Eden Housing asserts that it failed to timely respond because it believed it was already being represented in the matter by Jackson Lewis LLP, when in fact, that firm was representing Eden Housing in a different matter. Ex. 5 at 48.

1   fraud against the plaintiff by perjured pleadings and unlawful acts designed and intended to

2   mislead the court and to deprive plaintiff his right to recover his damages of $1,0000055 [sic]

3   in a state of California lawsuit . . .").

4        The Complaint begins with a section entitled "Jurisdiction," which states that

5   "Jurisdiction of the United States District Court over the above named defendants in the

6   above numbered case is 28 U.S.C. 1331, 28 U.S.C. 1343(3), 28 U.S.C. 2201, 42 U.S.C. 1983,

7   and 42 U.S.C. 1985." Id. at 2. The Complaint only articulates the grounds for asserting

8   jurisdiction under 28 U.S.C. § 2201, and does not address the other sections. Id. ¶ 29 at 16.

9        The Complaint includes six causes of action, which all recite the same basic facts and

10  allegations. Causes of Action One through Four are entitled: "Against Kevin J. Berreth, R.

11  Mac Prout, and Terese McNamee for Conspiracy to Fraudulently Mislead the Judge of the

12  Superior Court of Contra Costa County to Vacate a Lawful Default Judgment." See

13  generally id. The titles of Causes of Action Five and Six are essentially the same, but with

14  two extra words at the beginning: Cause of Action Five is called "Punitive Damages Against

15  Kevin J. Berreth, R. Mac Prout, and Terese McNamee for Conspiracy to Fraudulently

16  Mislead the Judge of the Superior Court of Contra Costa County to Vacate a Lawful Default

17  Judgment," and Cause of Action Six is "Declaratory Judgment Against Kevin J. Berreth, R.

18  Mac Prout, and Terese McNamee for Conspiracy to Fraudulently Mislead the Judge of the

19  Superior Court of Contra Costa County to Vacate a Lawful Default Judgment." Id.

20       The First Cause of Action alleges that Defendants made fraudulent pleadings,

21  apparently by filing "fatally defective" applications in support of vacating the default

22  judgment and by facilitating the filing of Eden Housing's Answer.[2] The Second and Third

23  Causes of Action again allege that Defendants made false pleadings by offering defenses

24  they knew to be false that in turn caused the court to vacate the default judgment. Id. ¶¶ 14-

25  15, 18. Causes of Action Four and Five pray for declaratory judgment determining that

26  

27       [2]While Berreth filed the pleadings, Prout allegedly "subordinate[d] the fraud by his acts of
    defending the said fraudulent act of defendant, Kevin J. Berreth, State bar number 236759, by his failure
    to object, and by personally sharing the benefits of the fraud . . . ." Id. ¶ 9. McNamee also allegedly
28  "subordinate[d] the fatally defective application to set aside the default judgment by her failure to object
    thereto, and by her willingness to enjoy the benefits there from." Id. ¶ 10.

United States District Court
For the Northern District of California

1  Defendants made false pleadings and conspired to mislead the judge.  Id.  ¶¶ 22, 26.  The

2  Fourth Cause of Action alleges that Defendants threatened sanctions against Plaintiff because

3  of his repeated demands that they answer special interrogatories addressed to McNamee.  Id.

4  ¶ 21.

5       In the Fifth and Sixth Causes of Action, Plaintiff alleges that Berreth and Prout "knew

6  they were judicial officers having duties never to mislead the judge [Business and Profession

7  Code , 6068(d)] . . ." and, while knowing the defenses they submitted to be false, failed to

8  present evidence to "contradict any material issue raised by plaintiff in his complaint."  Id. ¶¶

9  24, 28.  Plaintiff seeks punitive damages of $3,000,000.00 from each defendant and asks that

10  Berreth and Prout be disbarred.  Id. at 15, 31, 33.  Finally, in Cause of Action Six, Plaintiff

11  asks the Court to declare the rights of the parties and create a remedy based on 29 U.S.C. §

12  2201.  Id. ¶ 29.

13  **II.    LEGAL STANDARD**

14       **A.    Rule 12(b)(1) Subject Matter Jurisdiction**

15       Federal Rule of Civil Procedure 12(b)(1) authorizes a party to seek dismissal of an

16  action for lack of subject matter jurisdiction.  Though the defendant makes the motion, the

17  plaintiff bears the burden of establishing subject matter jurisdiction.  See Kokkonen v.

18  Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Stock W., Inc. v. Confederated

19  Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989).  The court may look

20  beyond the complaint to evaluate subject matter jurisdiction.  See White v. Lee, 227 F.3d

21  1214, 1242 (9th Cir. 2000) (citing Gemtel Corp. v. Cmty. Redevelopment Agency, 23 F.3d

22  1542, 1544 (9th Cir. 1994)).

23       A Rule 12(b)(1) jurisdictional attack may be facial or factual.  See Safe Air for

24  Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  "In a facial attack, the challenger

25  asserts that the allegations contained in a complaint are insufficient on their face to invoke

26  federal jurisdiction."  Id.  In resolving a facial attack, a motion will be granted if the

27  complaint, when considered in its entirety, on its face, fails to allege facts sufficient to

28

4

United States District Court
For the Northern District of California

1    establish subject matter jurisdiction.  See, e.g., Savage v. Glendale Union High School, 343

2    F.3d 1036, 1040 n.2 (9th Cir. 2003).

3        Courts use the "well-pleaded complaint rule" to determine whether a case raises a

4    federal question.  The rule provides that "federal jurisdiction exists only when a federal

5    question is presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar

6    Inc. v. Williams, 482 U.S. 386, 392 (1987).

7    **III.    DISCUSSION**

8        The issue in this case is whether the Complaint truly presents a federal question on its

9    face.  MTD, McNamee, (dkt. 16-1) at 7-8; MTD, Berreth, (dkt. 23-1) at 10, 18; MTD, Prout,

10   (dkt. 25-1) at 10, 18.  All three Defendants make similar arguments for dismissal.  In general,

11   Defendants argue that Plaintiff failed to establish federal subject matter jurisdiction.  MTD,

12   McNamee, at 7-8; MTD, Berreth, at 10; MTD, Prout, at 10.  Specifically, Defendants point

13   out that the Declaratory Judgment Act at 28 U.S.C. § 2201(a) does not itself confer federal

14   jurisdiction over Plaintiff's claims.  MTD, McNamee, at 6; MTD, Berreth, at 9; MTD, Prout,

15   at 9.  Defendants' arguments are meritorious.

16       **A.    Lack of Subject Matter Jurisdiction**

17       Defendants argue that the Complaint should be dismissed because it fails to articulate

18   a "cause of action created by federal law, supply any basis for extending federal jurisdiction

19   to impose monetary penalties against defendants, or describe a right to relief that necessarily

20   depends on resolution of any question of federal law."  MTD, McNamee, at 8.  Plaintiff

21   asserts jurisdiction under five cited code sections (28 U.S.C. § 1331, 28 U.S.C. § 1343(3), 42

22   U.S.C. § 1983, 42 U.S.C. § 1985, and 28 U.S.C. § 2201) but the Complaint, taken in its

23   entirety, does not actually state a claim under any of them.

24
25       **1.    Plaintiff Fails to Establish Subject Matter Jurisdiction Under 28
             U.S.C. § 1331, 28. U.S.C. § 1343(3), 42 U.S.C. § 1983, or 42 U.S.C.
             § 1985**
26
27       "District courts possess federal-question jurisdiction under § 1331" over a claim that

28   "arises under" federal law, meaning that "federal law creates a private right of action and

     furnishes the substantive rules of decision."  Mims v. Arrow Fin. Servs., LLC, 132 S. Ct.

740, 748-49 (2012). "In order to invoke federal jurisdiction under Section 1331, a plaintiff's claim must be based on some federal law independent of that statute." <u>U.S. on Behalf of F.T.C. v. Larkin, Hoffman, Daly & Lindgren, Ltd.</u>, 841 F. Supp. 899, 903 (D. Minn. 1993) (citing <u>Merrell Dow Pharmaceuticals v. Thompson</u>, 478 U.S. 804 (1986)). Plaintiff fails to properly identify a federal statute independent of § 1331 under which he can state a claim.

28 U.S.C. § 1343(3) establishes jurisdiction for civil rights violations and along with 42 U.S.C. § 1983, authorizes "federal courts to entertain suits to redress the deprivation, under color of state law, of constitutional rights." <u>Hagans v. Lavine</u>, 415 U.S. 528, 538 (1974). However, § 1983 does not grant jurisdiction, it only provides a remedy where jurisdiction already exists pursuant to 28 U.S.C. § 1343. <u>Gonzaga Univ. v. Doe</u>, 536 U.S. 273, 285 (2002) ("§ 1983 merely provides a mechanism for enforcing individual rights 'secured' elsewhere, *i.e.,* rights independently 'secured by the Constitution and laws' of the United States. [O]ne cannot go into court and claim a 'violation of § 1983' — for § 1983 by itself does not protect anyone against anything." (internal quotations and citations omitted)). The same holds true for 28 U.S.C. § 1985. <u>Giles v. Equal Employment Opportunity Comm'n</u>, 520 F. Supp. 1198, 1199 (E.D. Mo. 1981) (noting that 42 U.S.C. § 1983 and § 1985 "do not grant jurisdiction; they merely provide a remedy in cases in which jurisdiction is present pursuant to 28 U.S.C. § 1343").

Two allegations are necessary to state a claim under section 1983. "First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." <u>Gomez v. Toledo</u>, 446 U.S. 635, 640 (1980). Plaintiff's Complaint does not plausibly describe a federal right of which he has been deprived.[3] Nor does his recitation that attorneys

_____

[3]The Complaint does allege some facts that cannot be considered merely conclusory accusations, but Plaintiff does not make any clear connection between his allegations and a federally recognized right. <u>See</u> Compl. ¶¶ 9, 10, 14, 19, 21. At best, these facts and allegations only vaguely describe a federal right or plead a cause of action arising under federal law. <u>See e.g.,</u> Compl. ¶¶ 9, 14, 18-19, 21 (alleging Bereth "filed a fatally defective Motion to Set Aside the Default Judgment;" McNamee filed an answer "knowing her answer to be false;" all three Defendants filed pleadings in the state court action that "falsely implied that the defendant, Eden Housing Management, Inc had a good defense and an honest excuse for its failure to file a timely answer;" and all three "threatened to bring action for

**United States District Court**
For the Northern District of California

1    are "judicial officers," see id. ¶¶ 2, 3, 24, correctly identify a person acting under color of

2    state law.  Lawyers in private practice are not state actors for the purposes of a section 1983

3    claim.  See Polk Cnty. v. Dodson, 454 U.S. 312, 318 (1981) ("[T]he Courts of Appeals are

4    agreed that a lawyer representing a client is not, by virtue of being an officer of the court, a

5    state actor 'under color of state law' within the meaning of § 1983."); Shalaby v.

6    Jacobowitz, No. 03-0227, 2003 WL 1907664 (N.D. Cal. Apr. 11, 2003) aff'd, 138 F. App'x

7    10 (9th Cir. 2005) (dismissing plaintiff's section 1983 claim for failing to show that a lawyer

8    in private practice could be a state actor).

9         Plaintiff argues in opposing the motions that he could have specifically stated that as

10   judicial officers of the State of California, Berreth and Prout violated "plaintiff's 14th

11   Amendment right to have his case heard while plaintiff had good eye-sight . . . in complete

12   denial of plaintiff's Due Process and Equal Protection of laws."  Opp'n at 4.  He further

13   asserts that while the Complaint "may not have specifically stated . . . in so many words . . .

14   plaintiff did legally state the required issues while complying with Rule 8(a)(1) of FRCP;

15   showing that plaintiff was denied Due Process of the Laws, which is protected by the 14th

16   Amendment . . . ."  Id. at 9.  However, even if Plaintiff could show that he had been deprived

17   of a federal right sufficient to meet the requirements of 28 U.S.C. § 1343(3) or 42 U.S.C.

18   § 1983, he fails to show that this was state action because, as explained above, attorneys,

19   even characterized as judicial officers, do not act under the color of state law.  Accordingly,

20   Plaintiff's claims under sections 1331, 1343(3), 1983, and 1985 all fail.

21            **2.     The Declaratory Judgment Act of 28 U.S.C. § 2201 Does Not Itself
22                     Confer Federal Subject Matter Jurisdiction**

23        Declaratory relief is not an independent cause of action or theory of recovery, only a

24   remedy.  See Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202.  The statute "does not

25   itself confer federal subject-matter jurisdiction."  Fid. & Cas. Co. v. Reserve Ins. Co., 596

26

27   ─────────────────────

28   sanctions against plaintiff" if he continued to demand answers to his interrogatories.)  Notably, in his
     Opposition, Plaintiff alleges for the first time that the state court action was a violation of his due
     process rights.  See Opp'n. (dkt. 31) at 6.

                                              7

**United States District Court**
For the Northern District of California

1  F.2d 914, 916 (9th Cir. 1979).  To grant declaratory relief, a district court must find "actual

2  controversy," which is "definite and concrete . . . real and substantial."  <u>Aetna Life Ins. Co. of</u>

3  <u>Hartford, Conn. v. Haworth</u>, 300 U.S. 227, 240-41 (1937).  Even if an independent cause of

4  action for declaratory relief could be brought in state court, it cannot be brought in federal

5  court.  <u>Via Techs., Inc. v. SONICBlue Claims LLC</u>, No. 09-cv-2109, 2010 U.S. Dist. LEXIS

6  59709, *8-*9 (N.D. Cal. June 16, 2010).  The Declaratory Judgment Act "simply provides a

7  remedy for disputes already within the realm of federal jurisdiction."  <u>Cok v. Forte</u>, 877 F.

8  Supp. 797, 802 (D.R.I. 1995) aff'd, 69 F.3d 531 (1st Cir. 1995).  Plaintiff has not established

9  federal jurisdiction over his claims under any other section, and so has no valid cause of

10  action under the Declaratory Judgment Act.

11  **B.**     **The Court Will Not Appoint Counsel for Plaintiff**

12       Plaintiff requests that the Court appoint counsel to represent him in this action because

13  he is 79 years old and cannot "see well enough to do the necessary research and to prepare his

14  legal claims."  Mot. for Appointment of Counsel (dkt. 35) ¶ 1.  But, "it is well-established

15  that there is generally no constitutional right to counsel in civil cases."  <u>United States v.</u>

16  <u>Sardone</u>, 94 F.3d 1233, 1236 (9th Cir. 1996); <u>Hedges v. Resolution Trust Corp.</u>, 32 F.3d

17  1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.")

18  And while the Court does have discretion to appoint counsel to *in forma pauperis* plaintiffs

19  like Plaintiff, <u>see</u> 28 U.S.C.A. § 1915 ("[t]he court may request an attorney to represent any

20  person unable to afford counsel"), such a situation requires "exceptional circumstances,"

21  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991).  "A finding of exceptional

22  circumstances requires an evaluation of both 'the likelihood of success on the merits and the

23  ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal

24  issues involved.'  Neither of these factors is dispositive and both must be viewed together

25  before reaching a decision."  <u>Id</u>.

26       There appear to be no exceptional circumstances in this case.  Additionally, the

27  likelihood of success on the merits is low because Plaintiff has failed to establish subject

28  matter jurisdiction.  The Fourteenth Amendment claims Plaintiff attempts to articulate in his

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

oppositions to the motions to dismiss are complex, but without subject matter jurisdiction, appointing Plaintiff counsel in this Court is unlikely to result in the resolution of his claims.

### C.  Leave to Amend

A complaint should not be dismissed without leave to amend unless it is clear that the claims could not be saved by amendment.  Swartz v. KPMG LLP, 476 F.3d 756, 760 (9th Cir. 2007).  Plaintiff specifically requests leave to amend.  See Opp'n. to McNamee's MTD at 10. Defendants oppose amendment, alleging that this action qualifies as a malicious case under 28 U.S.C. § 1915 (e)(2) and should be dismissed because it is "irresponsible litigation" brought "for the purpose of harassing."  See Reply (dkt. 21) at 6.  It seems more likely, however, that Plaintiff is trying to seek redress for genuinely perceived wrongs, but misunderstands the jurisdictional requirements of federal court.

Ultimately, Plaintiff is trying to recover damages for battery.  Had he renewed his original claims for battery, etc. in state court after the default judgment was vacated, Defendants could hardly accuse Plaintiff of irresponsible litigation.  He is a *pro se* litigant, and although he might have a stronger claim in state court, the Court does not find at this time that pursuing this case is a method of harassment.

In addition, Plaintiff's recent pleadings in this action do suggest that he intended to articulate a federal cause of action.  In his Opposition, Plaintiff asserts that "defendants denied 'Due Process' and 'Equal Protection of Laws' as is guaranteed by the 14th Amendment to the Constitution of thr [sic] United States."  Opp'n. at 2.  Furthermore, in his Amended Opposition, Plaintiff states that he "could add the Superior Court as a defendant if it is necessary . . . to obtain Due Process and Equal Protection of Laws."  Amended Opp'n. to Berreth and Prout's MTD (dkt. 39) at 5.  For these reasons, Plaintiff's request to amend his Complaint is GRANTED.

### C.  Plaintiff Must Comply with All Federal and Local Rules

Defendants point out that Plaintiff did not properly serve counsel for Defendants Prout and Berreth with his Opposition.  Reply at 2.  If Plaintiff chooses to amend his Complaint, he is directed to follow all applicable local and federal rules including Northern District Local

Rules 7-3(a) and 3-4(a)(1).

**IV.    CONCLUSION**

For the foregoing reasons, Defendants' motions to dismiss the case for lack of subject matter jurisdiction are GRANTED.  Plaintiff's motion for appointment of counsel is DENIED.  Plaintiff's request to amend his Complaint is GRANTED.  Plaintiff must amend **within thirty (30) days** of this Order; failure to do so could result in his case being dismissed in its entirety with prejudice.

**IT IS SO ORDERED.**

Dated: October 10, 2012                          CHARLES  R. BREYER
                                                 UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California