IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES KARIM MUHAMMAD,<br><br>    Plaintiff,<br><br>    v.<br><br>KEVIN J. BERRETH, et al.,<br><br>    Defendants._____/ | No. C 12-02407 CRB<br><br>**ORDER GRANTING MOTIONS TO DISMISS** |

This case, before the Court on three Motions to Dismiss, arises from a state court case in which Plaintiff, James Karim Muhammad, received a default judgment that was subsequently revoked. Muhammad has brought a *pro se* suit here against his opposing counsel and an officer of the defendant corporation from the state court case, seeking damages and declaratory judgment. Muhammad's claims are based on alleged equal protection and due process violations. Following this Court's Order dismissing Muhammad's case for lack of jurisdiction, Muhammad filed an Amended Complaint adding the Superior Court of the State of California, County of Contra Costa ("Superior Court"), as a defendant. As Muhammad fails to state a claim upon which relief can be granted, and further amendment would be futile, the Court GRANTS all of Defendants' Motions to Dismiss with prejudice.

//

## I.     BACKGROUND

In 2008, Muhammad filed suit in California Superior Court against Eden Housing Management, Inc. ("Eden") and certain of its employees for battery, elder abuse, failure to supervise, and other alleged wrongdoing. Am. Compl. (dkt. 51) at 2. The defendants in the state court action are not parties to this case. Kevin J. Berreth and R. Mac Prout, two of the defendants in this case, are attorneys who represented Eden in state court. Am. Compl. at 2-3. Terese McNamee, the third individual defendant in this case, was the chief financial officer for Eden and participated in the state court case. Id. at 3, 5.

Eden initially did not respond to Muhammad's state court complaint, and the Superior Court entered a default judgment against Eden, awarding Muhammad $1,000,055.00 in damages and costs. Id. at 4-5.

Eden subsequently filed an application for relief from default judgment, explaining that its failure to respond stemmed from confusion involving a related case. Id. at 5. This application included a memorandum of points and authorities, declarations by Berreth and McNamee, and Eden's answer to Muhammad's complaint. Id. Ten days later, Eden filed an amended application for relief, but did not resubmit its memorandum, declarations, or answer. Id. at 5-6.

Muhammad objected to the application for relief on the basis that, because "an amended pleading supersedes and replaces the original pleading," Eden's application failed to include an answer to the complaint and an affidavit explaining the mistake, as required by section 473(b) of the California Code of Civil Procedure. Id. at 6-7. The Superior Court nevertheless granted Eden relief from default judgment, and the California Court of Appeal affirmed its decision to do so, treating the documents included with the original application as having been sufficiently filed. Id. at 8; Muhammad v. Eden Hous. Mgmt., Inc., No. A123321, 2009 WL 2625862 (Cal. Ct. App. Aug. 27, 2009).

At some point during the state court proceedings, the four witnesses Muhammad intended to call died of old age. Am. Compl. at 13.

//

2

Muhammad filed his original Complaint in this Court on May 11, 2012, alleging in six identically titled causes of action that the individual defendants Berreth, McNamee, and Prout "conspir[ed] to fraudulently mislead" the Superior Court judge. Compl. (dkt. 1) at 1, 5, 7, 8, 11, 13. This Court dismissed for lack of federal jurisdiction. Order Granting Mots. to Dismiss (dkt. 49). The Court noted that, among other grounds for dismissal, Muhammad did not properly state a § 1983 claim because the individual defendants were not acting "under the color of state law." Id. at 6-7.

Muhammad amended his Complaint to add the Superior Court as a defendant, to allege that the individual defendants conspired with the Superior Court, and to allege "discriminatory acts." See Am. Compl. at 1, 3-4. All Defendants have moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). McNamee Mot. (dkt. 52); Prout & Berreth Mot. (dkt. 53); Super. Ct. Mot. (dkt. 62). Muhammad filed all of his Oppositions late, after the Court issued Orders to Show Cause as to why the case should not be dismissed for failure to prosecute. See First OSC (dkt. 63); Pl.'s Resp. to First OSC (dkt. 68); Opp'n to Prout & Berreth Mot. (dkt. 66); Opp'n to McNamee Mot. (dkt. 67); Second OSC (dkt. 73); Pl.'s Resp. to Second OSC (dkt. 76); Opp'n to Super. Ct. Mot. (dkt. 75).

## II.   LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Dismissal is proper where a cause of action fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Rule calls for sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). On a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Wyler-Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998). A complaint should not be dismissed without leave to amend unless it is clear that the claims could not be saved by amendment. Swartz v. KPMG LLP, 476 F.3d 756, 760 (9th Cir. 2007). However, amendment after dismissal must be consistent with the original

1 allegations, and the Court may dismiss with prejudice if the plaintiff would not be able state a

2 claim without contradicting the original complaint. <u>Reddy v. Litton Indus., Inc.</u>, 912 F.2d

3 291, 296-97 (9th Cir. 1990).

## III. DISCUSSION

The Amended Complaint includes four causes of action:

> FIRST CAUSE OF ACTION
> Against Kevin J. Berreth, R. MacProut, and The Superior Court of California County of Contra Costa, for Conspiracy To Fraudulently Mislead the Judge To Vacate A Lawful Default Judgment And Under Color Of Authority Of California Laws Committing Unlawful Acts Designed And Intended To Give Unlawful Aid To Co-Judicial Officers Kevin J. Berreth, R. MacProut, And The Law Firm PROUT-LEVANGE And Deliberately Deprive James Karim Muhammad (Who Was Not A Judicial Officer) Of His Right To Recover His Damages Of $1,000,055.00 In A State Of California Law Suit.
> . . . .
> SECOND CAUSE OF ACTION
> Against Kevin J. Berreth, R. MacProut, Terese McNamee, and Superior Court of California, County of Contra Costa, For Acting Under Color Of California Laws, In Furtherance Of Conspiracy, Fraudulently Mislead A Judge In Order To Deprive Plaintiff Of His Right To Recover His Damages.
> . . . .
> THIRD CAUSE OF ACTION
> Against Kevin J. Berreth, State Bar #236759, R. MacProut State Bar #101263, Terese McNamee, Superior Court of California County of Contra Costa, For Conspiracy To Stall And (in furtherance Of Conspiracy) Stalling Court Proceedings Until All Of Plaintiff's Witnesses Died Of Old Age.
> . . . .
> FOURTH CAUSE OF ACTION
> Punitive Against Kevin J. Berreth, R. MacProut, And Terese Mc Namee for Conspiracy To Fraudulently Mislead a Judge To Vacate A Lawful Default Judgment

Am. Compl. at 4, 10, 15, 18 (erroneous spelling of party names in original). Applying a

liberal standard due to Muhammad's *pro se* status, see <u>Jones v. Cmty. Redev. Agency</u>, 733

F.2d 646, 649 (9th Cir. 1984), the Court construes the Amended Complaint as presenting

three potential federal claims, woven among the four purported causes of action: a claim

under 42 U.S.C. § 1985 for conspiracy to deny Muhammad equal protection of the law due to

his non-lawyer status, and two claims under 42 U.S.C. § 1983 for conspiracy to deny

Muhammad due process of law, first by wrongfully rescinding the Superior Court's grant of

default judgment, and second by delaying trial until his witnesses died.

//

All of Muhammad's claims warrant dismissal. First, Muhammad cannot state any claim against the Superior Court because clear Ninth Circuit precedent interprets the Eleventh Amendment as barring such claims, and because the claim would ask this Court to impermissibly review a state court judgment. Second, Muhammad fails to state an equal protection claim under § 1985 because non-lawyers are not a protected class. Finally, Muhammad cannot state a claim against the individual defendants under § 1983 for either of his purported due process violations because the individual defendants are not state actors (as the Court previously held) and Muhammad fails to allege sufficient facts supporting a conspiracy with the Superior Court. Muhammad presents no other federal claims. The Court therefore GRANTS Defendants' Motions to Dismiss with prejudice.

### A.   Muhammad's Claims Against the Superior Court Are Barred

Muhammad's claims against the Superior Court are barred by both the Eleventh Amendment, which prohibits claims against states or their agencies, and the Rooker-Feldman doctrine, which prohibits claims in federal district court that explicitly or implicitly challenge a state court decision.

The Eleventh Amendment bars claims against states or their agencies, whether alleging violations of state or federal law, unless the state has unequivocally consented to such a suit. Fund for Animals, Inc. v. Lujan, 962 F.2d 1391, 1397 (9th Cir. 1992); see U.S. Const. amend. XI. In California, "a suit against the Superior Court is a suit against the State, barred by the eleventh amendment [sic]." Greater L.A. Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987); see also Simmons v. Sacramento Cty. Super. Ct., 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a claim against the . . . Superior Court (or its employees), because such suits are barred by the Eleventh Amendment." ). This bar extends to claims for declaratory or injunctive relief. Zolin, 812 F.2d at 1110 n.10. There is no indication that California has unequivocally consented to this lawsuit. Cf. Lujan, 962 F.2d at 139.

Muhammad's Opposition does not address the Superior Court's Eleventh Amendment argument, instead focusing on its separate argument regarding judicial immunity. Opp'n to

Super. Ct. Mot. The authorities cited in Muhammad's Opposition have no bearing on the Eleventh Amendment issue. See id.

Further, district courts generally do not have jurisdiction to review the validity of state court decisions, even when a plaintiff alleges that such a decision violated his constitutional rights, because only the Supreme Court has federal appellate jurisdiction over the state courts. Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); see also Lance v. Dennis, 546 U.S. 459, 463 (2006). This jurisdictional bar encompasses "allegations [that] are inextricably intertwined" with the validity of state court decisions. D.C. Ct. App. v. Feldman, 460 U.S. 462, 486-87 (1983). "Stated simply, the Rooker-Feldman doctrine bars suits 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Carmona v. Carmona, 603 F.3d 1041, 1050 (9th Cir. 2008) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).

All of Muhammad's claims against the Superior Court would explicitly or implicitly require this Court to determine that the Superior Court ruled incorrectly. E.g., Am. Compl. at 10 (seeking a declaration that the Superior Court "disobey[ed] California Code of Civil Procedure, section 473(b), by vacating the valid [default] judgment."). Such claims constitute "an impermissible collateral attack on prior state court decisions." See Branson v. Nott, 62 F.3d 287, 291 (9th Cir. 1995) (affirming dismissal of a § 1983 action where the equitable relief requested "would implicitly reverse the state trial court's finding" relating to an entry of default judgment).

The Court therefore GRANTS the Superior Court's motion to dismiss all claims against it with prejudice.[1] The Court does not reach the Superior Court's arguments regarding judicial immunity. See Super. Ct. Mot. at 2-3.

//

---

[1] To the extent Muhammad alleges a § 1983 claim against the Superior Court, that is independently barred because states are not "persons" within the meaning of the statute, and thus are not subject to § 1983 actions even in state court. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 65-66, 71. (1989).

6

### B.   Muhammad Fails to State an Equal Protection Claim Under § 1985 Because Non-Lawyers Are Not a Protected Class

Although Muhammad does not use the term "equal protection" in his Amended Complaint, he cites 42 U.S.C. § 1985 and alleges that the defendants "discriminated," engaged in a "conspiracy to discriminate," and took "discriminatory" actions. Am. Compl. at 1, 3, 6, 8, 11, 12, 26. The Court construes these claims as alleging a "conspir[acy] . . . for the purpose of depriving [Muhammad] of the equal protection of the laws." 42 U.S.C. § 1985(3).

While § 1985 encompasses "private conspiracies" that need not include state actors, it requires "invidiously discriminatory animus" against a protected class. Griffin v. Breckenridge, 403 U.S. 88, 101-02 (1971); Sever v. Alaska Pulp Corp., 978 F.2d 1529 (9th Cir. 1992). Other than racial discrimination, which Muhammad does not allege here, § 1985 applies only if "there has been a governmental determination that [members of a class] require and warrant special federal assistance in protecting their civil rights." Sever, 978 F.2d at 1536; see also Orin v. Barclay, 272 F.3d 1207, 1217 n.4 (9th Cir. 2001).

Muhammad appears to claim that the basis for the alleged discrimination was that, unlike Prout and Berreth, Muhammad is "not a judicial officer," i.e., not a lawyer. Am. Compl. at 3-4, 6-8.[2] Muhammad never explicitly claims that non-lawyers are a protected class for the purposes of § 1985, nor does he provide any argument or authority for his implication that they are. The Court is aware of no authority suggesting that non-lawyers are a protected class. Muhammad therefore fails to state a claim under § 1985(3), because demonstrating protected status is "essential" to such a claim. See Orin, 272 F.3d at 1217.

The Court therefore GRANTS the individual defendants' Motions to Dismiss Muhammad's § 1985 claims with prejudice.

//

---

[2] "On October 28, 2008, the defendants . . . committ[ed] discriminatory acts designed and intended to give unlawful aid to co-judicial officers [Prout and Berreth], and to deliberately deprive . . . Muhammad (who was not a judicial officer) of his right to recover." Am. Compl. at 3-4. Muhammad also alleges that "as a non judicial officer" he would not have been granted relief from default judgment if the parties' roles were reversed. Id. at 7.

7

### C. Muhammad Fails to State a Claim Under § 1983 Because the Individual Defendants Are Not State Actors

Section 1983 creates a cause of action against any person acting under the color of state law who deprives another person of rights secured by the Constitution. See 42 U.S.C. § 1983; Hagans v. Lavine, 415 U.S. 528, 538 (1974). This Court dismissed Muhammad's original Complaint in part because the individual defendants are not state actors, despite Muhammad's characterization of Prout and Berreth as "judicial officers." Order at 6-7; Polk Cnty. v. Dodson, 454 U.S. 312, 318 (1981) ("[T]he Courts of Appeals are agreed that a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983.").

Muhammad now claims that the individual defendants conspired with the Superior Court to deprive him of the default judgment he believes was compelled by California law, and to delay the case until his witnesses died. Am. Compl. at 3-4, 6, 10, 13. The Court construes these claims as alleging violations of the Due Process Clause of the Fourteenth Amendment, specifically procedural due process.[3] See U.S. Const. amend. XIV, § 1; Am. Compl. at 10 ("The plaintiff, James Karim Muhammad was . . . denied the Due Process of California law . . . ."); see also Wedges/Ledges of California, Inc. v. City of Phoenix, 24 F.3d 56, 66 (9th Cir. 1994) (discussing the distinction between substantive and procedural due process).

Although conspiracy with a state judge can be sufficient to bring an individual within the scope of § 1983, even when the judge is immune from liability, "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or joint actor with a judge." Dennis v. Sparks, 449 U.S. 24, 28 (1980). "[P]rivate parties are not generally acting under color of state law," and in order to protect individual freedom and

---

[3] This Court's previous order noted that Muhammad's original Complaint failed to clearly identify a federal right of which he was deprived. Order at 6 & n.3. Although the Amended Complaint does not clearly invoke the Fourteenth Amendment, and only cites § 1983 in its statement of jurisdiction, it does explicitly allege a denial of due process, and generally seems to attempt to state § 1983 due process claims. See Am. Comp. at 1, 10; see also Opp'n to McNamee Mot. at 3-5 (requesting leave to further amend to include explicit reference to the Fourteenth Amendment); Opp'n to Super. Ct. Mot. at 9, 11 (explicitly invoking the Fourteenth Amendment).

8

avoid undue impositions on the states, "a defendant is entitled to more than the bald legal conclusion there was action under color of law." Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991) (citing Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 936-37 (1982)). "[C]onclusory allegations that the lawyer was conspiring with state officers to deprive [an individual] of due process are insufficient." Simmons, 318 F.3d at 1157.

Muhammad repeatedly alleges that the individual defendants conspired with the Superior Court, and characterizes certain actions as "overt acts . . . in furtherance of conspiracy," such as the Superior Court granting Eden relief from the default judgment. See, e.g., Am. Compl. at 13-14. But disregarding the mere "labels and conclusions," see Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555), the facts of the Amended Complaint do not support an inference of conspiracy.

With respect to the relief from default judgment, the only facts Muhammad alleges are that 1) Eden failed to include the supporting documents with its amended application, 2) the Superior Court nevertheless granted the application for relief, and 3) the Superior Court's ruling conflicted with Muhammad's understanding of California law. See, e.g., Am. Compl. at 6-7. As for the allegation of delay, the only facts Muhammad alleges are that 1) Eden's answer to his complaint included overly broad denials, 2) these denials caused a delay in the trial,[4] and 3) Muhammad's witnesses died of old age before they could testify. Id. at 15-18. Neither fact pattern suggests a conspiracy among the individual defendants and the Superior Court. Cf. Dennis, 449 U.S. at 28 (finding sufficient allegation of conspiracy where the allegations included bribery of a judge). Especially considering that Muhammad at times seems to allege that the Superior Court conspired to mislead itself,[5] the conspiracy allegations

---

[4] Muhammad appears to assert that Defendants caused the delay by including overbroad denials in Eden's answer, which technically denied knowledge of whether certain individuals were "natural persons." Am. Compl. at 15-18. That the Superior Court would literally construe such denials may not be plausible, nor is it necessarily plausible that a literal interpretation would have caused delay. Nevertheless, even assuming *arguendo* that Muhammad adequately alleges causation, he fails to adequately allege conspiracy.

[5] See, e.g., Am. Compl. at 4 ("FIRST CAUSE OF ACTION Against Kevin J. Berreth, R. MacProut [sic], and The Superior Court of California County of Contra Costa, for Conspiracy to Fraudulently Mislead the Judge . . . .").

9

are "bald legal conclusions" insufficient to extend the scope of § 1983 to the individual defendants. See Price, 939 F.2d at 708.

The Court therefore GRANTS the individual defendants' Motions to Dismiss Muhammad's § 1983 due process claims because the individual defendants did not act under color of state law. Even if Muhammad were to further amend his Complaint to adequately allege a conspiracy involving the Superior Court, such allegations would be contrary to his original Complaint, which alleges that both the relief from default judgment and the delay in trial resulted from the individual defendants misleading the Superior Court. Compl. at 8, 12-13.[6] Because Muhammad can only state a § 1983 claim, if at all, by contradicting his original Complaint, the Court dismisses these claims with prejudice. See Reddy, 912 F.2d at 296-97.

### D. This Court Does Not Have Subject Matter Jurisdiction over Any Remaining Claims

Muhammad pleads federal jurisdiction under 28 U.S.C. §§ 1331, "1343(3) [sic]," and 2201, and 42 U.S.C. §§ 1983 and 1985. Am. Comp. at 1. Of these, § 1331 provides jurisdiction for "civil actions arising under the Constitution, laws, or treaties of the United States," and § 1343(a)(3) provides jurisdiction for the liability created by § 1983. As discussed in this Court's October 10, 2012 Order, the remaining statutes that Muhammad cites are not jurisdictional. Order at 6-8. Specifically addressing Muhammad's claims for declaratory judgment, § 2201 (the Declaratory Judgment Act) neither itself confers federal jurisdiction nor triggers federal question jurisdiction under § 1331. Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 15-17 (1983) (summarizing and reaffirming Skelly Oil v. Phillips Petroleum Co., 339 U.S. 667 (1950)).

As discussed above, Muhammad's Amended Complaint fails to state a claim under § 1983 or § 1985. Muhammad cites no other federal law that might apply to any claims in

//

---

[6] In light of Muhammad's failure to adequately plead a conspiracy, the Court need not reach the question of whether the current Amended Complaint improperly contradicts the original Complaint. The Court also need not decide whether Muhammad's allegations constitute actual denial of due process.

10

the Amended Complaint. The Court therefore GRANTS Defendants' Motions to Dismiss the Amended Complaint with prejudice.

### E. Muhammad's Requests to Amend Would Not Cure His Complaint

In his Oppositions to Defendants' Motions to Dismiss, Muhammad requests leave to file a Second Amended Complaint with specific changes. Opp'n to Prout & Berreth Mot. at 3-5 (seeking to correct "typographical errors" to more explicitly allege a lack of notice and hearing as to the Superior Court's order granting relief from default judgment); Opp'n to McNamee Mot. at 3-5 (same); Opp'n to Super. Ct. Mot. at 10-11 (seeking to add more detail regarding the Superior Court's order). None of these proposed amendments would address the grounds for dismissal discussed above.

At oral argument on the Motions to Dismiss, Muhammad requested leave to further amend his Complaint to name the Superior Court judge as an additional defendant. The Rooker-Feldman doctrine, discussed above in the context of Muhammad's claims against the Superior Court, would similarly bar claims against the state judge arising from her adjudication of the state court claims. See Mothershed v. Justices of S. Ct., 410 F.3d 602, 607 (9th Cir. 2005) (applying the Rooker-Feldman doctrine to claims against judges).

Because "any proposed amendment would be futile," see Reddy, 912 F.2d at 296-97, the Court DENIES Muhammad leave to file further amendments.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss are GRANTED. Plaintiff's requests to amend his Complaint are DENIED. The case is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: February 25, 2013

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2012\2407\Order re MTDs Amended Complaint.wpd        11